UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NEW ENGLAND GREENS, LLC           Civil Action No. _____
d/b/a VIBRANT HEALTH,

            Plaintiff,

vs.

RESERVEAGE ORGANICS, INC.,

            Defendant.          JULY 27, 2011

## COMPLAINT AND JURY DEMAND

Plaintiff, New England Greens, LLC d/b/a Vibrant Health ("VIBRANT HEALTH"), by and through its counsel, Day Pitney LLP and Harris Beach PLLC, files this Complaint against defendant and states as follows upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement, false destination of origin, false representations in commerce and unfair competition. VIBRANT HEALTH is the registered owner of certain trademarks identified as United States Patent and Trademark Office Registration No. 1,992,414 and 3,672,122, for the GREEN VIBRANCE trademark (the "Mark"), covering, *inter alia,* dietary and nutritional supplements in powdered and capsule form. Defendant, a competitor, is using the confusingly similar, and therefore infringing name, "VIBRANCE" in competition with plaintiff.

Defendant's use and interstate commerce of the VIBRANCE trademark violates the Lanham Act, Title 15 U.S.C. 1114(1) and 1125(a)(1) as well as the common law.

## PARTIES, JURISDICTION, AND VENUE

2. At all times relevant hereto, the plaintiff, NEW ENGLAND GREENS, LLC ("NEW ENGLAND GREENS") d/b/a VIBRANT HEALTH, was and is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 99 Railroad Street, Canaan, Connecticut 06018.

3. At all times relevant hereto, upon information and belief, defendant, RESERVE AGE ORGANICS, INC., was and is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 5745 SW 75th Street, Suite 337, Gainesville, Florida 32608.

4. This Court has subject matter jurisdiction under the Lanham Act pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a) and 1338(b). This Court has supplemental jurisdiction over NEW ENGLAND GREEN'S common law claims pursuant to 28 U.S.C. §§1332 and 1367, as such claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy.

5. Defendant maintains the website www.reserveage.com, which promotes and offers for sale its Vibrance Product. Through the website, consumers, including those in Connecticut, can purchase the Vibrance Product. Furthermore, the defendant's website lists numerous retail stores within the United States, including in Connecticut, where the Vibrance Product may be purchased.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) in that the plaintiff resides and/or conducts business in this District and a substantial part of the events giving rise to the claims at issue occurred in this District.

## FACTUAL BACKGROUND

7. Plaintiff, VIBRANT HEALTH, produces and markets a number of supplemental nutritional products, including the GREEN VIBRANCE products throughout the United States.

8. VIBRANT HEALTH has established an excellent reputation among consumers and within the industry as the source for high quality nutritional supplements.

9. VIBRANT HEALTH was the first to use the word, "Vibrance" in association with nutritional supplements. Plaintiff's first use of the GREEN VIBRANCE Mark can be traced back as early as 1992, and has been continuously used since then.

10. GREEN VIBRANCE products have been widely advertised at significant expense to plaintiff, and offered for sale to the public in connection with the GREEN VIBRANCE Mark and Trade Press for many years.

## DEFENDANT'S INFRINGING ACTIVITIES

11. Defendant's use of the Mark is unauthorized.

12. Plaintiff has both verbally and in writing informed defendant of its ownership of the Mark and has requested that defendant cease and desist using plaintiff's Mark including by letter dated March 20, 2009, which included a copy of plaintiff's Trademark registration. With full knowledge that its continued use of the name VIBRANCE was in violation of plaintiff's Mark, defendant has intentionally continued and has refused to cease its violation of plaintiff's trademark rights.

13. Defendant has used the name VIBRANCE, in green lettering, with the intent to cause confusion, mistake, and to deceive.

14. As a result of these infringing and unfairly competitive acts, plaintiff is suffering irreparable harm, and unless defendant is enjoined from engaging in such acts, plaintiff will continue to suffer such harm.

15. Plaintiff has no adequate remedy at law.

16. Plaintiff has incurred monetary damages due to the defendant's wrongful actions.

17. Upon information and belief, defendant, RESERVEAGE ORGANICS, INC., is engaged in interstate commerce in the manufacture and sale of nutritional supplements and related products.

18. VIBRANT HEALTH and its predecessors' use of the Mark predates any alleged use by defendant.

19. Defendant's use of the VIBRANCE mark has and is likely to continue to deceive and cause confusion and mistake among customers as to the source or origin of the goods offered for sale by defendant and the sponsorship or endorsement of those goods by plaintiff.

20. Defendant's use of the VIBRANCE mark has and is likely to continue to deceive and cause confusion and mistake among customers as to the source or origin of the goods offered for sale by plaintiff and the sponsorship or endorsement of those goods by defendant.

21. VIBRANT HEALTH has not authorized or otherwise condoned or consented to defendant's use of the Mark.

22. Despite the fact that defendant had knowledge of VIBRANT HEALTH'S rights to the Mark, defendant used the VIBRANCE mark in complete disregard of VIBRANT HEALTH'S rights in violation of 15 U.S.C. §1114.

# COUNT I

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## (15 U.S.C. 1114(1))

23. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 22 as though said paragraphs were again set forth in their entirety.

24. VIBRANT HEALTH and its use of the GREEN VIBRANCE trademark predates any alleged use by defendant.

25. Defendant's use of the GREEN VIBRANCE trademark has and is likely to continue to deceive and cause confusion and mistake among customers as to the source or origin of the goods offered for sale by defendant and the sponsorship or endorsement of those goods by plaintiff.

26. Defendant's use of the GREEN VIBRANCE trademark has and is likely to continue to deceive and cause confusion and mistake among customers as to the source or origin of the goods offered for sale by plaintiff and the sponsorship or endorsement of those goods by defendant.

27. VIBRANT HEALTH has not authorized or otherwise condoned or consented to defendant's use of the GREEN VIBRANCE trademark.

28. Despite the fact that defendant had knowledge of VIBRANT HEALTH'S rights to the GREEN VIBRANCE trademark, defendant used the VIBRANCE mark in complete disregard of VIBRANT HEALTH'S rights in violation of 15 U.S.C. §1114.

29. Defendant's infringement is willful.

30. Defendant has misappropriated VIBRANT HEALTH'S substantial intellectual property rights as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit defendant to gain an unfair competitive advantage over VIBRANT HEALTH, enjoy the selling power of the GREEN VIBRANCE trademark, and allow the defendant

to interfere with VIBRANT HEALTH'S continued promotion and expansion of the GREEN VIBRANCE trademark.

31. As a result of defendant's unlawful activities, VIBRANT HEALTH has and continues to suffer irreparable harm and damage for which there is no adequate remedy at law.

32. As a direct and proximate result of defendant's unlawful activities, VIBRANT HEALTH has and continues to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT II

### USE OF FALSE DESIGNATIONS OR ORIGIN AND FALSE REPRESENTATIONS IN COMMERCE
### (15 U.S.C. §1125(a))

33. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32 as though said paragraphs were again set forth in their entirety.

34. Defendant's use of the name VIBRANCE in connection with the sale of its competitive products is likely to cause confusion with plaintiff's GREEN VIBRANCE trademark or to cause mistake or to deceive consumers.

35. Defendant's use of the name VIBRANCE in connection with the sale of its competitive products is likely to cause confusion with plaintiff's GREEN VIBRANCE trademark or to cause mistake or to deceive consumers as to the origin, sponsorship, or approval of defendant's goods.

36. Defendant's acts as aforesaid constitute infringement of plaintiff's rights under federal unfair competition law and constitute the use of false designations of origin and false representations in commerce in violation of the federal Trademark Act, 15 U.S.C. §1125(a).

37. Defendant's violations are willful.

38. Defendant's actions have caused VIBRANT HEALTH irreparable harm for which there is no adequate remedy at law.

39. As a direct and proximate result of defendant's false designation of origin and false representations, VIBRANT HEALTH has and continues to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT III

## COMMON LAW TRADEMARK/UNFAIR COMPETITION

40. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 39 as though said paragraphs were again set forth in their entirety.

41. Defendant's use of the name VIBRANCE for its competitive products is likely to cause confusion with plaintiff's GREEN VIBRANCE trademark or to deceive customers as to the origin of the goods.

42. Defendant's use of the GREEN VIBRANCE trademark has been and continues to be unauthorized.

43. Defendant's acts as aforesaid constitute common law trademark infringement.

44. Defendant's acts as aforesaid constitute unfair competition.

45. Defendant's acts were and continue to be willful and in bad faith.

46. As a result of defendant's unlawful activities, VIBRANT HEALTH has and continues to suffer irreparable harm for which there is no adequate remedy at law.

47. As a direct and proximate result of defendant's unlawful acts, VIBRANT HEALTH has and continues to suffer damages in an amount which is not presently ascertainable, but will be established at trial.

## COUNT IV

## UNFAIR TRADE PRACTICES UNDER CONNECTICUT LAW

48. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 47 as though said paragraphs were again set forth in their entirety.

49. Defendants are selling its Vibrance Product in Connecticut.

50. With respect to the foregoing acts and conduct, defendant has engaged in the conduct of trade or commerce, as those terms are described in Conn. Gen. Stat. §§42-110a.

51. The foregoing conduct by defendant constitutes unfair methods of competition, deceptive acts or practices in the conduct of a trade or commerce, and/or unfair acts or practices in the conduct of a trade or commerce, in violation of CUTPA, and such conduct is offensive to public policy, egregious, unconscionable, immoral, unethical, oppressive, deceptive and/or unscrupulous, and has caused substantial injury to plaintiff.

52. The foregoing acts and conduct of defendant constitute unfair trade practices in violation of §42-110b of CUPTA.

53. As a direct and proximate result of the foregoing acts, defendant unlawfully and wrongfully derived and will continue to drive income, profits and ever-increasing goodwill from his activities and VIBRANT HEALTH has been damaged and has suffered and will continue to suffer an ascertainable loss of money or property.

54. Plaintiff has suffered an ascertainable loss of money or property as a result of defendant's violation of CUTPA, and is entitled to recover damages, including punitive damages and attorneys' fees and costs.

55. In accordance with the mandates of CUTPA, plaintiffs has or will mail copies of this Complaint to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection of the State of Connecticut.

### COUNT V

### COMMON LAW UNJUST ENRICHMENT
(Conn. Gen. Stat. §35-53(a))

56. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 55 as though said paragraphs were again set forth in their entirety.

57. The aforesaid acts of defendant in using the Infringing Marks to take advantage of consumer recognition of VIBRANTH HEALTH'S name and reputation have resulted in defendant being unfairly enriched at plaintiff's expense. Equity and good conscience mitigate against permitting defendant to retain what it has derived by its use of the GREEN VIBRANCE trademarks.

58. As a direct and proximate result of the foregoing acts, defendant has been and will continue to be enriched at VIBRANT HEALTH'S expense and VIBRANT HEALTH has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which VIBRANT HEALTH has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, VIBRANT HEALTH demands judgment against defendant as follows:

1. that the Court declare the rights of the parties and award and enter a judgment against defendant declaring and adjudging that defendant has:

    a. infringed the rights of VIBRANT HEALTH in its federally-registered GREEN VIBRANCE trademarks in violation of 15 U.S.C. §1114;

    b. infringed the rights of VIBRANT HEALTH in its GREEN VIBRANCE trademarks in violation of 15 U.S.C. §1125(a) and 1125 (c).

- c. engaged in deceptive acts and practices in violation of the State of Connecticut; and
- d. engaged in unfair competition, trademark infringement, dilution, and palming off, resulting in unjust enrichment, under Connecticut common law.

2. that each of the above acts were willful;

3. that the Court issue a permanent injunction enjoining and restraining defendant and his affiliates, agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with defendant, directly or indirectly, from:

- a. engaging in any infringing activity including using, advertising, promoting, marketing, franchising, selling and offering for sale any Infringing Goods and any goods or services in connection with the Infringing Mark, or any mark or trade dress similar to the GREEN VIBRANCE trademarks;
- b. using any unauthorized colorable imitation of the GREEN VIBRANCE trademarks, including but not limited to the use of the term VIBRANCE in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute the distinctive quality of the GREEN VIBRANCE trademarks;
- c. engaging in any other activity constituting unfair competition with VIBRANT HEALTH, or constituting an infringement of any of the GREEN VIBRANCE trademarks or of VIBRANT HEALTH'S right to use or exploit such trademarks or constituting dilution of the GREEN VIBRANCE

        trademarks and the reputation and the goodwill associated with those trademarks;

    d.    making any statement or representation whatsoever, with respect to the Infringing Products, that falsely designates the origins of the Infringing Products as those of VIBRANT HEALTH, or that is false or misleading with respect to VIBRANT HEALTH;

    e.    engaging in any other activity, including the effectuation of assignments or transfers of its interest in unauthorized colorable imitations of the GREEN VIBRANCE trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 3(a) through (d) above.

4.    that VIBRANT HEALTH be awarded damages for defendant's trademark infringement;

5.    that defendant be ordered to formally abandon with prejudice any applications to register any trademark or service mark consisting of, containing or confusingly similar to the GREEN VIBRANCE trademarks, either alone or in combination with other words and/or designs and to voluntarily cancel with prejudice any registration that may issue from such applications during the pendency of this action;

6.    that defendant be ordered to account for and disgorge to VIBRANT HEALTH all amounts by which defendant has been unjustly enriched by reason of the unlawful acts complained of and that any such amounts be trebled because defendant's acts were willful;

7. VIBRANT HEALTH be awarded damages and defendant's profits resulting from defendant's infringement in accordance with the provisions of 15 U.S.C. §1117;

8. that damages and profits resulting from defendant's infringement be trebled in accordance with 15 U.S.C. §1117.

9. VIBRANT HEALTH be awarded punitive damages under CUPTA, Conn. Gen. Stat. §42-110g(a);

10. VIBRANT HEALTH be awarded an amount sufficient to reimburse VIBRANT HEALTH for the cost of corrective advertising;

11. for prejudgment interest on all infringement damages;

12. that the Court award VIBRANT HEALTH reasonable attorney's fees, costs incurred, and disbursements pursuant to 15. U.S.C. §1117(a) and Section §42-11g(d) under CUPTA;

13. that the Court order that all labels, signs, prints, packages, wrappers, receptacles and advertisements in defendant's possession, bearing the Infringing Mark, or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed; and

14. for such other and further relief as the Court may deem just and proper.

**A JURY TRIAL IS DEMANDED.**

    Respectfully submitted,

    PLAINTIFF, NEW ENGLAND GREENS, LLC
    d/b/a VIBRANT HEALTH

By   /s/ Elizabeth A. Alquist
    Elizabeth A. Alquist (ct15643)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, Connecticut 06103
    Tel.: 860-275-0137
    Fax: 860-275-0343
    *eaalquist@daypitney.com*

Brian C. Mahoney, Esq., Of Counsel
HARRIS BEACH PLLC
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Tel.: 716-200-5050
Fax: 716-200-5201
*bmahoney@HarrisBeach.com*

Ellen S. Simpson, Esq., Of Counsel
SIMPSON & SIMPSON PLLC
5555 Main Street
Williamsville, New York 14221
Tel.: 716-626-1564
*esimpson@idealawyers.com*

Attorneys for Plaintiff